Cutone v Riverside Towers Corp. (2019 NY Slip Op 02629)





Cutone v Riverside Towers Corp.


2019 NY Slip Op 02629


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Sweeny, J.P., Kern, Oing, Singh, JJ.


8905 157774/13

[*1]Leonardo Cutone, Plaintiff-Appellant,
v
Riverside Towers Corp., et al., Defendants-Respondents.


Schlam Stone & Dolan LLP, New York (Peter J. Sluka of counsel), for appellant.
Braverman Greenspun P.C., New York (Andreas E. Theodosiou of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered May 8, 2017, which granted defendant Riverside Towers Corp's (Riverside's) motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
We decline to entertain plaintiff's appeal from an order entered October 23, 2014, as no notice of appeal was filed from the 2014 order and no judgment was entered from the May 2017 order. Our jurisdiction here is limited to the appeal from the May 2017 order granting defendant Riverside's motion to dismiss the claim for breach of contract.
Defendant Riverside presented sufficient evidence to establish prima facie entitlement to judgment on the breach of contract claim on the ground that it did not breach the lease, the bylaw or the house rules. The evidence demonstrated that the board was acting in a reasonably timely fashion regarding approval of the alteration agreement, and therefore, the Board's actions were subject to the business judgment rule (see Matter of Levandusky v One Fifth Ave. Apt. Corp. , 75 NY2d 530, 540 [1990]). Plaintiff failed to raise a triable issue of fact on this issue.
The court correctly held that plaintiff failed to establish the breach of contract claim premised upon plaintiff's allegations that defendant improperly delayed plaintiff's renovations by repeatedly improperly stopping work and demanding modifications to plaintiff's renovation plans. Defendant was acting within its rights as set forth in the alteration agreement.
Finally, plaintiff failed to raise a triable issue of fact with respect to defendant's alleged interference with his right to sell the subject apartment.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK